**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
michael@thesamuellawfirm.com

*Attorneys for Plaintiff, Individually and on behalf of all others similarly situated*

| | |
|---|---|
| Mardonio Baeza, on behalf of himself and all other persons similarly situated,<br><br>*Plaintiff,*<br><br>- vs. -<br><br>Express Mini Market Corp. d/b/a Express Mini Market Deli, Andres Gimenez, Eduardo Cabral, and Johana Cabral,<br><br>*Defendants.* | Docket No. 1:25-cv-08834<br><br>**COMPLAINT**<br><br>**COLLECTIVE ACTION**<br><br>**CLASS ACTION** |

Plaintiff Mardonio Baeza, by and through his undersigned attorneys, for his complaint against defendants Express Mini Market Corp. d/b/a Express Mini Market Deli, Andres Gimenez, Eduardo Cabral, and Johana Cabral (hereinafter collectively "Defendants"), alleges as follows on behalf of himself and all other persons similarly situated:

## NATURE OF THE ACTION

1. Plaintiff Mardonio Baeza, on behalf of himself and all other persons similarly situated, current and former employees of Defendants,

who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), alleges that he is entitled to recover from Defendants, jointly and severally: (i) compensation for unpaid wages for overtime work for which he did not receive overtime premium pay as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because the Defendants' violations were willful lacked a good faith basis.

2. Plaintiff further complains that he is entitled to recover from Defendants: (i) back wages for unpaid minimum wage, and overtime premium for overtime work, each of which Defendants willfully failed to pay as required by the New York Labor Law §§ 650 et seq. ("NYLL") and the supporting New York State Department of Labor regulations; (ii) unpaid spread-of-hours compensation for shifts worked lasting in excess of 10 hours from start to finish in violation of the NYLL; (iii) liquidated damages pursuant to the NYLL for these violations; and (iv) statutory damages for the Defendants' violations of the Wage Theft Prevention Act, each of which violations caused Plaintiff financial harm.

## THE PARTIES

3. Plaintiff Mardonio Baeza (hereinafter "Plaintiff" or "Plaintiff Baeza") is an adult individual residing in Bronx, New York.

4. Plaintiff Baeza consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

5. At all times relevant herein, Express Mini Market Corp. d/b/a

Express Mini Market Deli (hereinafter "Express Mini Market Corp.") has been a domestic business company organized under the laws of the State of New York with a principal place of business at 980 Morris Ave, Bronx, NY 10456.

6. At all relevant times, Defendant Express Mini Market Corp. has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

7. Upon information and belief, at all relevant times herein, Defendant Express Mini Market Corp. has had gross revenues in excess of $500,000.00.

8. Upon information and belief, at all relevant times herein, Defendant Express Mini Market Corp. has used goods and materials produced in interstate commerce and has employed at least two individuals who handled such goods and materials.

9. Defendant Andres Gimenez is an adult individual, residing in this district, and is an owner or part owner and principal of Defendant Express Mini Market Corp., and/or a manager of the business who has/had the power to hire and fire employees, set wages and work schedules, and maintain their records, including those of Plaintiff.

10. Defendant Eduardo Cabral is an adult individual, residing in this district, and is an owner or part owner and principal of Defendant Express Mini Market Corp., and/or a manager of the business who has/had the power to hire and fire employees, set wages and work schedules, and

maintain their records, including those of Plaintiff.

11. Defendant Johana Cabral is an adult individual, residing in this district, and is an owner or part owner and principal of Defendant Express Mini Market Corp., and/or a manager of the business who has/had the power to hire and fire employees, set wages and work schedules, and maintain their records, including those of Plaintiff.

12. At all relevant times, Defendants Andres Gimenez, Eduardo Cabral, and Johana Cabral have been involved in the day-to-day operations of Defendant Express Mini Market Corp. and played an active role in managing the business, scheduling, supervising and paying Plaintiff during his employment by Defendants.

13. Defendant Johana Cabral hired Plaintiff.

14. Defendant Eduardo Cabral paid Plaintiff and supervised him during his employment by Defendants.

15. At all relevant times herein, Defendants each constituted an "employer" of Plaintiff as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

17. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

18. Venue is proper in this district pursuant to 28 U.S.C. § 1391

because a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiff, within this judicial district.

**COLLECTIVE ACTION ALLEGATIONS**

19. Pursuant to 29 U.S.C. § 206 and § 207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by Defendants in the United States at any time since October 24, 2022, to the entry of judgment in this case (the "Collective Action Period"), who were deli employees, and who were not paid statutory minimum wages and/or overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

20. The Collective Action Members are similarly situated to Plaintiff in that they were employed by Defendants as non-exempt employees and were denied payment at the statutory minimum wage and/or were denied premium overtime pay for hours worked beyond forty hours in a week.

21. The Collective Action Members are further similarly situated to Plaintiff in that Defendants had a policy and practice of knowingly and willfully refusing to pay their employees the minimum wage and/or overtime compensation.

22. Plaintiff and the Collective Action Members perform or performed the same or similar primary duties and were subjected to the same policies and practices by Defendants.

23. Defendants suffered and permitted Plaintiff, and the Collective Action Members to regularly work more than forty hours per week without appropriate overtime compensation.

24. Defendants' unlawful conduct herein has been widespread, repeated, and consistent.

25. Defendants had knowledge that Plaintiff and the Collective Action Members regularly performed work requiring overtime pay.

26. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith - and has caused significant damages to Plaintiff, as well as the Collective Action Members.

27. The exact number of such individuals is presently unknown but is known by Defendants and can be ascertained through appropriate discovery.

**CLASS ACTION ALLEGATIONS**

28. Plaintiff brings his applicable state law claims pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

29. All said persons, including Plaintiff, are referred to herein as the "Class" or "Class Members".

30. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the

rate of pay for each Class Member is also determinable from Defendants' records. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said FRCP 23.

**Numerosity**

31. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their Claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of Defendants, upon information and belief, there are over forty (40) members in the class.

**Commonality**

32. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members, including:

a. Whether Defendants employed Plaintiff and the Class Members within the meaning of applicable state law;

b. Whether Plaintiff and Class Members are entitled to be paid overtime under the applicable state labor law;

c. Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiff and the Rule 23 Class spread-of-hours pay as required by the New York Labor Law or similarly applicable labor laws of other states;

d. Whether Defendants maintained a policy, pattern and/or

practice of failing to provide requisite statutory meal periods;

e. Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiff's and the Rule 23 Class's start of employment and/or timely thereafter;

f. Whether Defendants provided paystubs detailing full and accurate rates of pay and credits taken toward the minimum wage and/or overtime to Plaintiff and Rule 23 Class on each payday; and

g. At what common rate, or rates subject to common method of calculation were and are Defendants required to pay the Class members for their work.

**Typicality**

33. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay applicable overtime premium, and spread-of-hours compensation. Defendants' corporate wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

**Adequacy**

34. Plaintiff can fairly and adequately protect the interests of the Class Members and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent representing plaintiff in both class actions and wage and hour employment litigation cases.

**Superiority**

35. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in significant saving of these costs.

The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interest through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

36. Upon information and belief, Defendants and other employers throughout the nation violate applicable state labor laws. Current employees are often afraid to assert their rights out fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint with a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

**FACTS**

37. At all relevant times herein, Defendants owned and operated a deli located at 980 Morris Ave, Bronx, NY 10456, doing business under the name Express Mini Market Deli.

38. Defendant Johana Cabral hired Plaintiff Baeza.

39. Defendant Eduardo Cabral set Plaintiff Baeza's rate of pay

and arranged for his payment, during his employment by Defendants.

40. Defendants managed and supervised Plaintiff Baeza during his employment by Defendants.

41. Plaintiff Baeza was employed by Defendants at Express Mini Market Deli from approximately December 10, 2024, until August 9, 2025, making sandwiches and restocking deli.

42. Plaintiff Baeza's work was performed in the normal course of the Defendants' business, was integrated into the business of Defendants and did not involve executive or administrative responsibilities.

43. At all relevant times herein, while employed by Defendants at Express Mini Market Deli, Plaintiff Baeza was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

44. During his employment by Defendants, from December 10, 2024, to June 27, 2025, Plaintiff Baeza worked a regular work schedule of six days per week, Monday through Saturday, from 6:30 a.m. to 4 p.m. (9.5 hours per day), totaling approximately 57 hours per week; with Sunday off.

45. During his employment by Defendants, from June 28, 2025, to August 9, 2025, Plaintiff Baeza worked a regular work schedule of seven days per week, Monday through Sunday, from 7:00 a.m. to 10 p.m. (15 hours per day), totaling approximately 105 hours per week.

46. During his employment by Defendants, Plaintiff Baeza was paid weekly in cash, in the amount of $710 per week for a six-day workweek,

from December 10, 2024, to June 27, 2025, and in the amount of $820 per week for seven-day workweek, from June 28, 2025, to August 9, 2025.

47. Plaintiff Baeza did not receive any spread-of-hours premium during his employment by Defendants for shifts worked which exceed ten hours in length from start to finish.

48. Plaintiff Baeza did not receive any overtime premium during his employment by Defendants for hours worked in excess of 40 each week.

49. As a result, at all times relevant herein, during his employment by Defendants, Plaintiff Baeza’s effective hourly rates of pay were below the applicable statutory New York State minimum wage in effect at relevant times.

50. Defendants’ failure to pay Plaintiff Baeza an amount at least equal to the applicable New York State minimum wage in effect during relevant time periods was willful and lacked a good faith basis, because Defendants set Plaintiff Baeza’s compensation and have been aware that they were not compensating Plaintiff Baeza at the applicable New York State minimum wage, during his employment for Defendants.

51. Defendants also failed to pay Plaintiff Baeza overtime compensation for all hours he worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

52. Defendants’ failure to pay Plaintiff Baeza the overtime bonus for overtime hours they worked was willful and lacked a good faith basis, because Defendants set Plaintiff Baeza’s work schedules and were

aware that Plaintiff Baeza has typically been working in excess of 40 hours per week, during his employment by Defendants.

53. Defendants also failed to pay Plaintiff Baeza an additional hour's pay at applicable minimum wage for each day he worked a shift lasting longer than ten hours from start to finish ("spread-of-hours compensation"), in violation of the NYLL and supporting regulations.

54. Defendants' failure to pay Plaintiff Baeza the spread-of-hours compensation was willful and lacked a good faith basis, because Defendants set Plaintiff Baeza's work schedules and were aware that he was working shifts in excess of ten hours in length during his employment by Defendants.

55. Plaintiff Baeza has received no paystubs or wage statements of any sort with his pay during his employment by Defendants, which has caused him financial harm as a result of his not being informed of the actual amount he has been paid on an hourly basis, and the lawfully applicable rates of pay owed him at all relevant times herein.

56. Defendants also failed to provide Plaintiff Baeza with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, the Defendants' contact information, the regular and overtime rates, and intended allowances claimed – and failed to obtain Plaintiff Baeza's signature acknowledging the same, upon Plaintiff Baeza's hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

57. This failure has harmed Plaintiff Baeza financially by

depriving him of being informed of his lawfully applicable rates of pay during his employment.

58. Defendants failed to provide Plaintiff Baeza with weekly records reflecting his total compensation and total hours worked, in violation of the Wage Theft Prevention Act, causing Plaintiff Baeza financial harm resulting from the failure of Defendants to inform Plaintiff Baeza of his hours worked and hours paid.

59. Upon information and belief, throughout Plaintiff Baeza's employment, both before that time (throughout the Collective Action and Class Action Period) and continuing until today, Defendants have likewise employed other individuals like Plaintiff Baeza (the "Collective Action and Class Members") in positions at the Defendants' Deli Express Grocery that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

60. Defendants applied the same employment policies, practices, and procedures to all Collective Action and Class Members, including policies, practices, and procedures with respect to the payment of minimum wages and overtime.

61. Upon information and belief, Defendants have failed to pay these other individuals at a rate at least equal to the minimum wage, in violation of the FLSA and the New York Labor Law.

62. Upon information and belief, these other individuals have worked in excess of forty hours per week, yet Defendants have likewise

failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

63. Upon information and belief, these other individuals were not provided with required wage notices or weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

64. Upon information and belief, while Defendants employed Plaintiff Baeza and the Collective Action and Class Members, and through all relevant time periods, Defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

65. Upon information and belief, while Defendants employed Plaintiff Baeza and the Collective Action and Class Members, and through all relevant time periods, Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

66. This failure caused Plaintiff Baeza financial harm resulting from his not being informed as required by law of the applicable regular and overtime rates of pay due to him from Defendants.

**COUNT I**
**(Fair Labor Standards Act - Overtime)**

67. Plaintiff, on behalf of himself and all FLA Collective Action and Class Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

68. At all relevant times, Defendants employed Plaintiff and each of the Collective Action and Class Members within the meaning of the FLSA.

69. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek, including Plaintiff and the Collective Action and Class Members.

70. As a result of the Defendants' willful failure to compensate their employees, including Plaintiff and the Collective Action and Class Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

71. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260, because Defendants set Plaintiff's and the Collective Action and Class Members' work schedules and pay and were aware that they were working more than 40 hours per week.

72. Due to the Defendants' FLSA violations, Plaintiff and the Collective Action and Class Members are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## (New York Labor Law - Overtime)

73. Plaintiff, on behalf of himself and all Collective Action and Class Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

74. At all relevant times, Plaintiff and each of the Collective Action and Class Members were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

75. Defendants willfully violated Plaintiff's and the Collective Action and Class Members' rights by failing to pay them overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

76. Defendants' failure to pay Plaintiff and the Collective Action and Class Members their overtime compensation was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations, because Defendants set Plaintiff's and each of the Collective Action and Class Members' work schedules and pay and were aware that they were working in excess of 40 hours per week.

77. Due to the Defendants' New York Labor Law violations, Plaintiff and the Collective Action and Class Members are entitled to recover from Defendants their unpaid overtime compensation, liquidated

damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**COUNT III**
**(New York Labor Law - Minimum Wage)**

76. Plaintiff, on behalf of himself and all Collective Action and Class Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

77. At all relevant times, Plaintiff and each of the Collective Action and Class Members were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

78. Defendants willfully violated Plaintiff's and each of the Collective Action and Class Members' rights by failing to pay them the lawfully required hourly rate at least equal to applicable New York State minimum wage in violation of the New York Labor Law §§ 190-199, 652, and its supporting regulations, including the New York State Hospitality Wage Order.

79. Defendants' failure to pay Plaintiff and each of the Collective Action and Class Members the lawfully required minimum hourly rate was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations, because Defendants set Plaintiff's and each of the Collective Action and Class Members' rate of pay and were aware that they were not compensating Plaintiff and each of the Collective Action and Class Members at the

applicable statutory minimum wage.

80. Due to the Defendants' New York Labor Law violations, Plaintiff and the Collective Action and Class Members are entitled to recover from Defendants their unpaid minimum wage compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**COUNT IV**
**(New York Labor Law – Spread-of-Hours)**

78. Plaintiff, on behalf of himself and all Collective Action and Class Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

79. At all relevant times, Plaintiff and each of the Collective Action and Class Members were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

80. Defendants willfully violated Plaintiff's and the Collective Action and Class Members' rights by failing to pay them an additional hour's pay at the minimum wage for each day they worked a shift lasting in excess of ten hours from start to finish, in violation of the New York Labor Law §§ 650 et seq. and its regulations in 12 N.Y.C.R.R. § 142-2.4.

81. Defendants' failure to pay Plaintiff and the Collective Action and Class Members the "spread-of-hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law §

198, § 163 and supporting regulations, because Defendants set Plaintiff's and each of the Collective Action and Class Members' work schedules and were aware that they were working shifts in excess of ten hours in length.

82. Due to Defendants' New York Labor Law violations, Plaintiff and each of the Collective Action and Class Members are entitled to recover from Defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**COUNT V**
**(New York Labor Law – Wage Theft Prevention Act)**

83. Plaintiff, on behalf of himself and all Collective Action and Class Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

84. At all relevant times, Plaintiff and each of the Collective Action and Class Members were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

85. Defendants willfully violated Plaintiff's and the Collective Action and Class Members' rights by failing to provide them with the wage notices required by the Wage Theft Prevention Act when they were hired, or at any time thereafter, causing Plaintiff and each of the Collective Action and Class Members to suffer financial harm as a result of their not being properly informed of their lawful rates of compensation.

86. Defendants willfully violated Plaintiff's and the Collective Action and Class Members' rights by failing to provide them with weekly wage statements required by the Wage Theft Prevention Act at any time during their employment, causing Plaintiff and each of the Collective Action and Class Members to suffer financial harm as a result of their not being properly informed of their lawful rates of compensation.

87. Due to the Defendants' New York Labor Law violations relating to the failure to provide paystubs, Plaintiff and each of the Collective Action and Class Members are entitled to recover from Defendants statutory damages of $250 per day, for each day by Defendants of their employment by Defendants, up to the maximum statutory damages.

88. Due to the Defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiff and each of the Collective Action and Class Members are entitled to recover from Defendants statutory damages of $50 per day for each day of their employment by Defendants, up to the maximum statutory damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a. Designation of this action as a Collective and Class action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, and Class Member pursuant to Fed. R. Civ. P. 23, apprising them of the pendency

of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective and Class Action Members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c. An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d. A compensatory award of unpaid overtime compensation, at the statutory overtime premium rate, due under the FLSA and the New York Labor Law;

e. A compensatory award of unpaid minimum wage compensation, at the applicable statutory rate, due under the New York Labor Law;

f. A compensatory award of unpaid spread-of-hours compensation, at the applicable statutory rate, due under the New York Labor Law;

g. An award of liquidated damages as a result of the Defendants' willful failure to pay the applicable minimum wage and

overtime compensation pursuant to 29 U.S.C. § 216;

h. An award of liquidated damages for the Defendants' New York Labor Law violations;

i. An award of statutory damages for the Defendants' violation of the New York Wage Theft Prevention Act;

j. Back pay;

k. Punitive damages;

l. An award of prejudgment and post-judgment interest;

m. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

n. Such other, further, and different relief as this Court deems just and proper.

Dated: New York, New York
October 24, 2025

*/s/ Michael Samuel*

Michael Samuel (MS 7997)
THE SAMUEL LAW FIRM
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
*Attorneys for Plaintiff,*
*Individually and on behalf of an*
*FLSA collective and class action members*